IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ERNEST FRANKLIN COBLE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:11-cv-211 |
| | ) | |
| WILLIAM J. WILKINS, | ) | |
| INTERNAL REVENUE SERVICE and | ) | |
| | ) | |
| EXAMINER #0469241048, | ) | |
| PRIVATE DEBT COLLECTORS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF THE
UNITED STATES' MOTION TO DISMISS**

This is a suit in which the plaintiff alleges that the Internal Revenue Service and Internal Revenue Service employees violated the Fair Debt Collections Practices Act (15 U.S.C. § 1692) by collecting the outstanding federal taxes owed by the plaintiff. The plaintiff seeks a refund of federal taxes, monetary damages, a declaratory judgment, and an injunction ordering the Internal Revenue Service to cease collection. However, suits against the United States (the proper party in this suit) are only allowed where the United States has waived its sovereign immunity. The plaintiff has not identified any statutory waiver of sovereign immunity. Moreover, the declaratory and injunctive relief requested by the plaintiff is explicitly barred by the Anti-Injunction Act and the tax exception to the Declaratory Judgment Act. Thus, this Court lacks subject matter jurisdiction.

In addition, the plaintiff did not properly serve the real party in interest, the

United States of America. Therefore, this Court lacks personal jurisdiction over the United States. Accordingly, the complaint should be dismissed.

## STATEMENT OF THE CASE

On March 15, 2011, the plaintiff brought this suit against William J. Wilkins, the Internal Revenue Service, and an unnamed IRS collections agent, claiming that these parties violated the Fair Debt Collections Practices Act. (Compl. at 1.) The plaintiff seeks various forms of relief, including a refund of taxes, monetary damages, as well as a declaratory judgment and injunctive relief barring the IRS from further collection. (Compl. at 3, 5.)

## QUESTIONS PRESENTED

1. No action may be maintained against the United States unless it has expressly waived its sovereign immunity via statute. Should this Court dismiss the plaintiff's complaint for lack of subject matter jurisdiction because the plaintiff has failed to establish that the United States has waived its sovereign immunity?

2. The Anti-Injunction Act and the tax exception to the Declaratory Judgment Act bar suits against the United States where a taxpayer seeks declaratory or injunctive relief related to the collection of federal taxes (except in limited circumstances not present here). Should this Court dismiss the plaintiff's complaint because he requests both declaratory and injunctive relief, which are barred by these two Acts?

3. A party who sues the United States must comply with Federal Rule of Civil Procedure 4(i) by properly serving a complaint on the United States Attorney General

2

and the United States Attorney of the district in which the petition is filed. Should this Court dismiss the complaint because the plaintiff failed to properly serve the United States of America?

## ARGUMENT

**I.     The complaint improperly names William J. Wilkins, the Internal Revenue Service, and an Internal Revenue Service collections agent as defendants.**

As a preliminary matter, the United States of America is the only proper defendant in this suit. First, the Internal Revenue Service does not have the capacity to be sued. *See Devries v. IRS,* 359 F. Supp. 2d 988, 991 (E.D. Cal. 2005) ("The named defendant in this case, the IRS and the Treasury Department, are federal agencies within the United States Government. Federal agencies may not be sued in their own name except to the extent Congress may specifically allow such suits. *** Congress has made no provisions for suits against either the IRS or the Treasury Department so these agencies are not proper entities for suit."); *Freck v. IRS*, 37 F.3d 986, 988 n.1 (3d Cir. 1994) ("Neither the Commissioner of the IRS nor the IRS is necessarily a proper party to a suit"). Accordingly, the United States, not the Internal Revenue Service, is the proper party in this civil action.

Additionally, the plaintiff has improperly named William J. Wilkins[1] and an unnamed IRS collections agent as defendants. Because this suit involves the federal tax collection process, it is therefore one brought against the United States and not its

---

[1] William J. Wilkins is Chief Counsel for the Internal Revenue Service.

3

individual employees. The United States, and not its employees, is the proper party in suits based on actions taken by Internal Revenue Service employees in their official capacity. *See Ferrel v. Brown*, 847 F. Supp. 1524, 1526 (W.D. Wash. 1993), aff'd, 40 F.3d 1049 (9th Cir. 1994) ("A claim against IRS employees acting in their official capacities is treated as an action against the United States"). All of the plaintiff's allegations involve collections activity or communications taken in an official capacity, so the suit should be deemed to be one brought against the United States.

## II. The plaintiff has not demonstrated that United States has waived its sovereign immunity, so this Court lacks subject matter jurisdiction.

The United States, as sovereign, may not be sued without its consent. *United States v. Dalm*, 494 U.S. 596, 608 (1990). The doctrine of sovereign immunity is jurisdictional in nature, and operates as a complete bar to lawsuits against the Government absent an explicit waiver of the immunity. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)*; see also Baranoski v. U.S. Attorney Office*, 2006 WL 166495 at *2 (D.N.J. 2006) ("[I]t is well settled that the federal government and federal agencies are immune from suit absent a waiver of sovereign immunity."). Only a statute enacted by Congress can waive this immunity, and courts must strictly construe any such waiver in favor of the United States. *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999).

The plaintiff bears the burden of asserting a specific statutory provision that expressly waives the sovereign immunity of the United States. *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995); *Block v. North Dakota*, 461 U.S. 273, 280 (1983). If the plaintiff does not meet the burden in demonstrating this waiver of sovereign immunity,

4

the court lacks jurisdiction. *Block* at 280.

> **A.  The Fair Debt Collections Practices Act does not waive the sovereign immunity of the United States.**

In this case, the plaintiff fails to allege, and cannot demonstrate, that sovereign immunity has been waived. The plaintiff attempts to establish jurisdiction by citing the Fair Debt Collections Practices Act, 15 U.S.C. § 1692(k), and 18 U.S.C. § 468,[2] but he has failed to identify a federal statute that waives the sovereign immunity of the United States. (Compl. at 2.)

The Fair Debt Collections Practices Act ("FDCPA") does not contain a waiver of sovereign immunity for suits against the United States. The FDCPA applies to "debts" and "debt collectors" as defined by the Act. *See* 15 U.S.C. § 1692(a)(6)(C). The FDCPA is not applicable to the collection of federal taxes by the Internal Revenue Service. *See id.*; *Beggs v.Rossi*, 145 F.3d 511, (2d Cir. 1998) ("The relationship between taxpayer and taxing authority does not encompass that type of pro tanto exchange which the statutory definition [of debt] envisages."); *Smith v. United States*, 2008 U.S. App. LEXIS 24480, 4-5 (5th Cir. 2008) (the Act "expressly excludes 'any officer or employee of the United States . . . to the extent that collecting or attempting to collect any debt is in the performance of his official duties' from the definition of 'debt collector'."). Because

---

[2]18 U.S.C. § 468 no longer exists, but was incorporated into 18 U.S.C. § 13, which addresses laws of states adopted for areas within federal jurisdiction. Because the statute cited by the plaintiff no longer exists and is irrelevant to his claims, making it clear that the statute cannot waive the sovereign immunity of the United States, the United States does not address it here.

taxes are not a "debt" under the FDCPA, nor is the Internal Revenue Service a "debt collector" under the FDCPA, the FDCPA cannot waive the sovereign immunity of the United States. This Court therefore lacks jurisdiction over the plaintiff's claims.

    **B.    26 U.S.C. § 7422, under which a taxpayer may sue for a refund under certain circumstances, does not waive the sovereign immunity of the United States in this case.**

To the extent that the plaintiff is seeking a refund of taxes paid, he has not established a waiver of sovereign immunity. The plaintiff has not cited any statutory authority for his claim for a refund. However, assuming the plaintiff seeks a refund of taxes pursuant to 26 U.S.C. § 7422, the plaintiff must show that the has filed a claim for refund in accordance with Internal Revenue Service procedures and that he has fully paid the taxes at issue. *See* 26 U.S.C. § 7422(a) ("[n]o suit or proceeding shall be maintained in any court for the recovery of an internal revenue tax alleged to have been erroneously or illegally assessed or collected *** until a claim for refund or credit has been duly filed ***"); *Hutchinson v. United States*, 677 F.2d 1322, 1325-26 (9th Cir.) ("Full satisfaction of the income tax assessment upon which refund is sought is a jurisdictional prerequisite to maintenance of a suit for refund in the district court"). These two requirements must be satisfied to overcome the United States' sovereign immunity. *See United States v. Dalm*, 494 U.S. 596, 601-602 (1990) (a claim for refund is necessary before filing a suit for a tax refund); 26 U.S.C. § 7422 (same); *Flora v. United States*, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund); *Lewis v. Sandler,* 498 F.2d 395, 400 (4th Cir. 1974)(same); *Moore v. United States,* 394 F.Supp. 2d 782,

6

784 (D. S.C. 2005)(same). Failure to comply with these requirements requires dismissal of the suit for lack of subject matter jurisdiction. *See*, *e.g.*, *Clavizzao v. United States*, 706 F. Supp. 2d 342, 348 (S.D.N.Y. 2009).

In his complaint, the plaintiff does not even specify the years or taxes involved, much less does he allege that he filed a claim for refund as described in 26 C.F.R. § 301.6402-2 or that he fully paid the federal taxes for which he seeks a refund. Because the plaintiff has not met any of the required conditions for bringing a refund suit, the United States' sovereign immunity has not been waived and this Court lacks subject matter jurisdiction over his tax refund claim. *Dalm*, 494 U.S. at 601-02; *Flora*, 362 U.S. at 177.

The plaintiff has therefore failed to identify any waiver of statutory immunity as required. Thus, the Court lacks subject matter jurisdiction.

**III.     Plaintiff cannot avoid the bar of sovereign immunity by naming Internal Revenue Service employees as defendants.**

The doctrine of sovereign immunity also applies where an IRS employee is named as a party defendant for actions taken in his or her official capacity. In such circumstances, IRS employees are immune from suit unless a plaintiff has demonstrated that the United States' sovereign immunity has been waived. *See Atkinson v. O'Neill*, 867 F.2d 589, 590 (1989). The plaintiff thus may not maintain an action against IRS employees William Wilkins and a collections agent because the bar of sovereign immunity still applies to deprive the court of subject matter jurisdiction over this action.

7

*See Atkinson* at 590; *Bombalski v. United States*, 1991 WL 734363 at *1, 2 (W.D. Pa. 1991) ("[A]n action may not be maintained against a government employee in her individual capacity when the real party in interest is the United States."), aff'd, 972 F.2d 1330 (3d Cir. 1992). Accordingly, that the plaintiff has named IRS employees as defendants does not alter the conclusion that the United States has not waived its sovereign immunity.

## IV. This Court lacks jurisdiction over plaintiff's claims for relief.

### A. The United States has not waived its sovereign immunity with respect to the monetary damages the plaintiff seeks.

The plaintiff seeks monetary damages in this suit, but he has not identified any statute that entitles him to monetary damages. The FDCPA does not entitle the plaintiff to monetary damages, as that statute contains no waiver of sovereign immunity for suits against the United States (Internal Revenue Service) at all. Instead, sections 7432 and 7433 of the Internal Revenue Code contain the only possible waivers of sovereign immunity for civil damages against the Internal Revenue Service, but the plaintiff has not even mentioned these statutes, much less demonstrated that a waiver exists under either of these statutes.[3] *Bloom v. United States*, 220 F. Supp. 2d 382, 386 (M.D. Pa. 1999).

//

//

---

[3]Section 7432 of the Internal Revenue Code provides for civil damages where an officer or employee of the Internal Revenue Service knowingly or negligently failed to release a lien on the property of the taxpayer. Section 7433 of the Internal Revenue Code (I.R.C.) provides for civil damages arising from certain unauthorized collection activities conducted by the Internal Revenue Service.

8

## B. The tax exception to the Declaratory Judgment Act precludes the declaratory judgment sought by the plaintiff and deprives this Court of jurisdiction.

The United States is immune from suit seeking declaratory relief in cases involving federal taxes under the tax exception to the Declaratory Judgment Act. 28 U.S.C. § 2201(a); *Hodgson v. United States*, 357 Fed. Appx. 879, 880 (9th Cir. 2009). The Act bars district courts from exercising jurisdiction over cases or actual controversy "with respect to" federal taxes. 28 U.S.C. § 2201(a); *Hodgson* at 880. A controversy is "with respect to" federal taxes "[i]f it call[s] into question a specific provision of the Internal Revenue Code, or . . . a ruling or regulation issued under the Code." *McCarthy v. Marshall*, 723 F.2d 1034, 1037 (1st Cir. 1983). Accordingly, where a plaintiff requests declaratory relief involving federal taxes, the court lacks jurisdiction because the United States is entitled to sovereign immunity. *Hodgson* at 880.

In this case, the plaintiff seeks a declaratory judgment that the Internal Revenue Service violated the Fair Debt Collections Practices Act, RICO, and Title 42 Chapter 136 § 13925. (Compl. at 5.) These forms of declaratory relief relate to federal taxes because they involve the legal authority of the Internal Revenue Service to collect federal taxes under the Internal Revenue Code. Because the relief sought in this case is "with respect to" federal taxes, the Declaratory Judgment Act precludes the relief plaintiff seeks and deprives this Court of jurisdiction. 28 U.S.C. § 2201(a); *McCarthy* at 1037; *Hodgson* at 880.

//

### C. The Anti-Injunction Act bars the plaintiff's claims for injunctive relief and deprives this Court of jurisdiction.

The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." *Id*. The effect of the Act is simple and obvious: courts lack jurisdiction to issue injunctive relief in suits seeking to restrain the assessment or collection of taxes. *Judicial Watch, Inc. v. Rossotti,* 317 F.3d 401, 405 (4th Cir. 2003). As such, where a plaintiff requests injunctive relief that seeks to restrict the collection of federal taxes, with limited exceptions not applicable here, the Anti-Injunction Act mandates dismissal for lack of subject matter jurisdiction.

Here, the plaintiff's request that the Court restrain the collection of tax is explicitly barred by 26 U.S.C. § 7421. Accordingly, the Anti-Injunction Act requires that the case be dismissed for lack of subject matter jurisdiction.

### IV. The complaint should be dismissed because the plaintiff did not properly serve the United States.

Under Federal Rule of Civil Procedure 4(i), the United States must be served by: (1) delivering a copy of the summons and complaint to the United States attorney for the district in which the action is brought, or by sending a copy of the summons and complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney; and (2) by sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (3) by sending a copy of the summons and complaint by

registered or certified mail to the officer, employee and/or agency of the United States being sued.  Fed. R. Civ. P. 4(i); *Uza v. United States Department of Justice*, 2005 WL 1115951, *1 (D.Md. 2005); *Norfleet v. United States*, 2002 WL 1396494, *1 (E.D.N.C. 2002).

Failure to properly serve the United States deprives the Court of personal jurisdiction.  *Rabiolo v. Weinstein*, 357 F.2d 167, 168 (7th Cir. 1966); *see also Insurance Corp. of Ireland v.  Compagnie des Bauxites de Guinee*, 456 U.S. 694, 715 n.6 (1982) (Powell, J. concurring).  A jurisdictional defect of this sort is fatal to maintenance of an action. *Bland v. Britt*, 271 F.2d 193 (4th Cir. 1959).  Accordingly, courts routinely dismiss actions when service is improper.  *See*, *e.g.*, *Micklus v. Carlson*, 632 F.2d 227, 240 (3d Cir. 1980).

In this case, the plaintiff has not properly served a copy of the summons and complaint on the United States, or the Attorney General.  Accordingly, the plaintiff has failed to properly serve the United States, and his complaint must be dismissed.

//
//
//
//
//
//
//
//
//

## CONCLUSION

The plaintiff has not met his burden to establish that the United States has waived its sovereign immunity, so this Court lacks jurisdiction. Additionally, this Court does not have jurisdiction over the plaintiff's claims for relief. Moreover, the plaintiff failed to properly serve the United States. Accordingly, the complaint should be dismissed.

Date: July 26, 2011

Respectfully submitted,

RIPLEY RAND
United States Attorney

JOHN A. DICICCO
Principal Deputy Assistant Attorney
General, Tax Division

/s/ *Claire H. Taylor*
CLAIRE H. TAYLOR
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-1427
Fax: (202) 514-6866
Email: Claire.H.Taylor@usdoj.gov