IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ERNEST FRANKLIN COBLE, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:11CV211 |
| | ) | |
| WILLIAM J. WILKINS, INTERNAL | ) | |
| REVENUE SERVICE, EXAMINER | ) | |
| #0469241048, and UNITED STATES | ) | |
| OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on Defendants' Motion to Dismiss [Doc. #8], two Motions for Summary Judgment filed by Plaintiff Ernest Coble [Doc. #9, #13], and Plaintiff's Motion to Compel [Doc. #16]. For the reasons that follow, this Court recommends that Defendants' Motion to Dismiss be granted based on a lack of subject matter jurisdiction, and the remaining motions be denied as moot. Therefore, this action should be dismissed in its entirety.

I.   FACTS, CLAIMS, AND PROCEDURAL HISTORY

Plaintiff Ernest Coble ("Plaintiff") brings this action seeking damages as well as injunctive and declaratory relief against William J. Wilkins, Chief Counsel for the Internal Revenue Service; the Internal Revenue Service; and an IRS examiner identified only by number. (Pl.'s Compl. [Doc. #1].) Plaintiff alleges that Defendants have violated the Fair Debt Collection Practices

Act ("FDCPA"), 15 U.S.C. § 1692-1692p (2006).[1] It appears that Plaintiff contends that the IRS committed the alleged violations in its efforts to collect taxes owed by Plaintiff, although Plaintiff contends that he is not responsible for the payment of taxes to the United States because he is a "Nonresident alien MAN, not a PERSON by TERM of Substantive Law." (Pl.'s Compl. [Doc. #1] at 4.)  Plaintiff seeks as relief damages, an order for the IRS to stop all collection efforts, a declaratory judgment to prohibit Defendants from further harassing Plaintiff, an order for the IRS to file incorporation papers with the State of North Carolina, and an order for the IRS to provide proof that it is affiliated with the United States.  (Id. at 4-6.)

Defendants move to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, as well as pursuant to Rule 12(b)(5) for insufficient service of process. (Memo. in Supp. of Mot. to Dismiss [Doc. #10].)

II.     DISCUSSION

    A.     Proper Defendant

In its Motion to Dismiss, the Government first contends that the United States is the only proper Defendant in this action.  In this regard, the Court notes that Plaintiff has named as Defendants two employees of the IRS (Mr. Wilkins and the unidentified examiner), as well as the Service itself.  However, the Government contends that this case involves the tax collection process and actions taken by the individual employees in their official capacities, and

---

[1] Plaintiff also refers to 18 U.S.C. § 468, which, according to Plaintiff, pertains to assimilated crimes. However, that section has since been replaced by 18 U.S.C. § 13. To the extent that Plaintiff may have intended to reference 18 U.S.C. § 13, that statute addresses state law offenses committed on federal property but not covered by federal law or regulation, and would not apply to any of the claims asserted by Plaintiff in his complaint.

as such Plaintiff's claims should be treated as claims against the United States rather than as claims against the individual employees. Similarly, the Government further contends that the Internal Revenue Service is not an entity capable of being sued, and that the United States is the proper party rather than the Internal Revenue Service. With respect to this contention, the Court notes that it is well established that the United States, not its agencies or employees, would be treated as the proper party in such a suit. See, e.g., Boltinghouse v. Warner, No. 1:03CV1159, 2004 WL 1118697 (M.D.N.C. May 17, 2004) (unpublished) (holding that only the United States is the proper party in an action against two IRS employees and the Commissioner of Internal Revenue); Floyd v. United States, No. 3:10CV66, 2010 WL 2791291 (W.D.N.C. July 14, 2010) (same); Davenport v. United States, No. 3:02-0183-20, 2002 WL 1310282 (D.S.C. June 11, 2002) (same); Ferrel v. Brown, 847 F. Supp. 1524, 1526 (W.D. Wash. 1993) (holding that claim against IRS employees acting in their official capacities is treated as action against the United States), aff'd, 40 F.3d 1049 (9th Cir. 1994); Atkinson v. O'Neill, 867 F.2d 589, 590 (10th Cir. 1989) (same); Gilbert v. DaGrossa, 756 F.2d 1455 (9th Cir. 1985) (same). Therefore, the only proper Defendant in this case is the United States, not the Internal Revenue Service or its employees.

  B.  Sovereign Immunity

  The Government next contends that the claims against the United States, as the only proper Defendant, must be dismissed based upon sovereign immunity. The United States as sovereign may only be sued with its consent, and the Supreme Court has noted that "[s]overeign immunity is jurisdictional in nature." FDIC v. Meyer, 510 U.S. 471, 475 (1994) (noting that "the terms of the United States' consent to be sued in any court define that court's jurisdiction to

3

Case 1:11-cv-00211-UA-JEP   Document 22   Filed 02/29/12   Page 3 of 6

entertain the suit" (internal quotation omitted)). Therefore, if the United States has not waived sovereign immunity and consented to be sued, this Court lacks jurisdiction to entertain the suit against the United States as sovereign. The plaintiff bears the burden of establishing subject matter jurisdiction in a suit against the United States if subject matter jurisdiction is challenged pursuant to Rule 12(b)(1). Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).

In this case, Plaintiff has not suggested any basis for finding that the United States has waived sovereign immunity and consented to be sued in this action. Plaintiff bases his action on the FDCPA; however, the FDCPA does not contain a waiver of sovereign immunity for suits against the United States. In this regard, the Court notes that the FDCA was designed "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). However, the term "debt collector" does not include an "officer or employee of the United States ... to the extent that collecting or attempting to collect any debt is in the performance of his official duties[.]" 15 U.S.C. § 1692a(6)(C). Thus, the FDCPA specifically excludes federal employees who are acting in their official capacities collecting a debt. See 15 U.S.C. § 1692a(6)(C); see also Al-Sharif v. United States, 296 Fed. App'x 740, 742 (11th Cir. 2008) (holding that there is no right of action under the FDCPA against individual IRS agents). Therefore, the FDCPA may not serve as the basis for any waiver of sovereign immunity for this

4

action, and sovereign immunity would bar Plaintiff's claims. As such, this Court lacks jurisdiction to entertain Plaintiff's suit.[2]

Finally, the Court notes that even if Plaintiff's claims could be construed as claims for a refund of taxes paid, Plaintiff has not alleged that he has followed the proper administrative procedures required to bring an action in federal court for a refund of taxes. See 26 U.S.C. § 7422(a) (2006) (requiring that a claim for refund be filed with the IRS before a suit may be maintained).[3]

The Court therefore concludes that Plaintiff has failed to establish that this Court may exercise subject matter jurisdiction in this action. This action should therefore be dismissed without prejudice for lack of jurisdiction. See Williams, 50 F.3d at 304. Having so concluded, the Court need not consider the Government's alternative request for dismissal for lack of proper service.

---

[2] Moreover, the Court notes that to the extent Plaintiff seeks a declaratory judgment, the Declaratory Judgment Act, 28 U.S.C. § 2201(a) (2006), precludes the relief requested by Plaintiff. See 26 U.S.C. §§ 2201(a), 7428 (2006) (expressly excluding declaratory relief as a remedy that this Court may order in an action "with respect to Federal taxes," other than a specific type of proceeding not relevant to the present case); see also McCarthy v. Marshall, 723 F.2d 1034, 1037 (1st Cir. 1983) (noting that declaratory relief sought by a plaintiff falls within § 2201(a) when plaintiff's claim calls into question a specific provision of the Internal Revenue Code, or a ruling or regulation issued under the Code). In addition, to the extent Plaintiff seeks injunctive relief, the Anti-Injunction Act, 26 U.S.C. § 7421 (2006), bars Plaintiff's claims. See 26 U.S.C. 7421 (2006) ("[N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is a person against whom such tax was assessed."); Judicial Watch, Inc. v. Rossotti, 317 F.3d 401, 405 (4th Cir. 2003) (noting that the effect of the Anti-Injunction Act "is simple and obvious: courts lack jurisdiction to issue injunctive relief in suits seeking to restrain the assessment or collection of taxes.").

[3] Plaintiff also has not attempted to allege a claim for failure to release a lien under 26 U.S.C. § 7432(a) or for collection activities in violation of the tax laws under 26 U.S.C. § 7433(a). See 26 U.S.C. §§ 7432(a), 6325 (providing for release of tax lien when the liability has been satisfied or has become legally unenforceable or when a bond has been provided and accepted by the IRS); 26 U.S.C. § 7433 (covering collection actions in violation of Title 26).

III.   CONCLUSION

IT IS THEREFORE RECOMMENDED that Defendants' Motion to Dismiss [Doc. #8] be GRANTED, that this action be DISMISSED WITHOUT PREJUDICE, and that the remaining motions [Doc. #9, #13, #16] be DENIED AS MOOT.

This, the 29th day of February, 2012.

/s/ Joi Elizabeth Peake
United States Magistrate Judge